[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13440
This is a matter brought by the plaintiff, Linda Stock, in her capacity as the Zoning Enforcement Officer for the City of Milford, against the defendants, who are the record owners of real property, known and designated as 222 Plains Road in the City of Milford.
The one count complaint alleges that the defendants, in violation of section 4.1.7 of the City of Milford Zoning Regulations, erected a six-foot fence in the front yard of the subject premises. The plaintiff further alleges that the plaintiff, in her capacity as the Zoning Enforcement Officer, notified the defendants of the alleged zoning violation, and further, ordered the defendants "to reduce the fence to three feet in height, move the fence back 25 feet from the property line, or apply for a variance." The plaintiff, lastly, alleges that the defendants have failed to comply with her order.
The plaintiff appears before the court seeking a civil penalty of two thousand, five hundred dollars ($2,500), and costs and attorney's fees, pursuant to Connecticut General Statute § 8-12. The plaintiff also seeks a permanent injunction, enjoining the defendants from maintaining said alleged violation, and an order permitting the plaintiff to conduct periodic inspection of the premises.
The matter was returnable to this court on February 10, 2000. Pursuant to motions by the plaintiff, defaults for failure to appear were entered against both defendants on February 8, 2000 (P.B. § 17-20). On March 14, 2000, the plaintiff filed a certificate of closed pleadings with the court, requesting that the matter be assigned for a court trial. On July 25, 2000, the court mailed notice to the plaintiff that the matter was scheduled to be heard as a "courtside trial" on November 2, 2000.
At trial, the plaintiff appeared and testified that she is the Zoning Enforcement Officer for the City of Milford. That on May 26, 1999, she received a complaint regarding the erection of a six-foot high stockade fence around the perimeter boundaries of the defendants' property at 222 Plains Road, Milford, Connecticut. The subject property is located in an R-10 single family residential zone. The property is a corner lot with the residential structure facing Plains Road and one side boundary running adjacent to Ray-Bob Road, both public highways in the City of Milford. The subject lot owned by the defendants is a four-sided parcel with, as mentioned, two sides being street frontages. Section 4.1.2 titled "Corner Lots" of the Zoning Regulations of the City of Milford, June 1999, states:
 "On a corner lot, front yards are required on both CT Page 13441 street frontages, and one yard other than the front yard shall be deemed to be a rear yard and the other, side yards."
On June 14, 1999, the plaintiff sent a notice to the defendants informing them of Section 4.1.2 and notifying them that, by erecting a six-foot high stockade fence along the two "front yards" of their property, the defendants were in violation of Section 4.1.7 of the aforementioned zoning regulations with reads as follows:
 "Fences and walls not exceeding three feet in height in any front yard, nor six feet in height in any rear or side yard may be erected without a zoning permit."
Section 4.1.7.1 of the Milford Zoning Regulations states that:
 "Fences and walls more than three feet, but less than six feet in height, other than retaining walls, may be erected in a required front yard subject to the granting of a variance by the Zoning Board of Appeals."
The plaintiff, thus, ordered the defendants to cut the fence down to three feet or move the fence back 25 feet from the property line or to apply for a variance within ten days from the date of the plaintiff's order.
On or about November 9, 1999, the Zoning Board of Appeals denied a variance to the defendants. On or about May 9, 2000, the Zoning Board of Appeals did allow a variance to the defendants, lowering the movement of the fence from 25 feet from the property line to 20 feet from the property line.
The plaintiff testified that in her capacity as zoning enforcement officer, she visited the subject premises on October 30, 2000, three days prior to the commencement of the court trial. She testified that the defendants had not moved the location of their fence, but had reduced its height to "four feet," which, according to the plaintiff, is still a violation of her order of June 14, 2000, as amended by the variance granted to the defendants by the Zoning Board of Appeals on May 9, 2000.
Upon the completion of questioning of the plaintiff, by her counsel, the court, as the fact finder, inquired of the plaintiff regarding the plaintiff's inspection of the defendants' property on October 30, 2000.
The plaintiff testified that she drove to the defendants' property in CT Page 13442 her automobile. She viewed the defendants' fence from the seat of her automobile. While noting that it was reduced to a height less than the original six feet, she estimated its present height at four feet. At no time did she leave her automobile seat when making this approximate assessment of the present height of the fence. The plaintiff did not measure it, nor did she even leave her automobile to stand next to it. She testified that it was four feet in height "based upon her experiences with fences." The court is not convinced.
The plaintiff, in this action, has the burden of proof by a preponderance of the evidence to convince the finder of fact that the defendants' fence in its present condition exceeds three feet in height. The plaintiff has failed to meet this burden of proof. The fact that the defendants' are non-appearing and have been defaulted does not relieve the plaintiff of its burden of proof regarding the past and present height of the fence.
The plaintiff did not proceed to a default judgment against the defendants. The present proceedings are a trial, where injunctive relieve is being requested as a remedy. It is not a hearing in damages where monetary relief only is being requested.
Accordingly, the court enters judgment in behalf of the defendants, Jerome and Maureen Kushner, against Linda Stock, Zoning enforcement Officer for the City of Milford.
The Court
By Arnold, J.